# DECLARATION OF ALEX CALLAN
# UNDER THE PENALTY OF PERJURY

1. My name is Alex Callan. I am the manager of Plaintiff Arcade Entertainment, LLC, case number CV-14-01233-PHX-SRB, *Arcade Entertainment v. AGCS Marine Insurance Company.*

2. I am authorized and competent to make this Declaration.

3. Arcade's offices are located in Mesa, Arizona. I work from the Mesa office

4. In 2011, Arcade decided to purchase arcade type gaming machines in the State of Texas. I was in charge of the logistics for the installation of the machines in various small business, such as gas stations, smoke shops, convenience and and liquor stores. Arcade decided to install the machines in Texas based on Texas law governing arcade-type gaming machines.

5. As part of my duties, I purchased a policy of insurance insuring the machines with AGCS Marine insurance company.

6. Since I was working out of Mesa, I hired independent contractors to maintain and repair the machines as needed, and to collect the revenue from the machines and send the revenue to the offices in Mesa.

7. In 2011, I rented a U-Haul storage unit where the machines were initially stored. From there, they were delivered to and installed in various businesses.

8. I initially hired one Paul Peters to provide general maintenance and support for the machines, to collect the revenues and to pay the owner of the establishment his share of the revenue.

9. I did not retain supervision or control over Mr. Peters with respect to the *method or manner* of maintenance, collections and distributions of revenues. Mr. Peters himself had control over the manner of accomplishing the maintenance and collections. His actions were purely autonomous.

10. It would have been logistically impossible for me to exercise supervision and control over Mr. Peter's maintenance and collections activities.

11. After Mr. Peters left his independent contractor positions with Arcade, I hired Norma Reveles and Troy Mitchell to take over the maintenance, repairs and collections of the machines.

12. I did not retain supervision or control over Ms. Reveles and Mr. Mitchell with respect to the *method or manner* of maintenance, collections and distributions of revenues. Mr. Peters himself had control over the manner of accomplishing the maintenance and collections. Their actions were purely autonomous.

13. In August of 2013, I travelled to Texas to check on the machines.

14. I visited the U-Haul storage. I found that the machines were gone. I then visited various businesses where the machines were supposed to be located

only to find that they had been removed, except for 5 machines that were still located at a business named Oasis Pipe and Tobacco.

15. In discussing the absence of the machines with the proprietors of the various businesses, I learned that the machines were removed by Ms. Reveles and Mr. Mitchell.

16. I called Ms. Reveles to find out what had happened. Ms. Reveles stated that "I don't have your machines anymore. I'm really sorry. I don't have them." She also stated, "I don't have them anymore. I can't get them back for you." Norma did not offer an explanation for the loss of the machines. She was embarrassed and did not want to talk about it.

17. Mr. Callan also spoke with Troy who repeated what Norma told him.

18. To this day I do not know what happened to the machines.

19. I have not recovered the machines. Of the 60 machines Arcade owned, 47 were gone. Arcade's loss for 47 machines is $140,500.00.

20. Neither Norma Reveles nor Troy Mitchell were partners, employees, directors, trustees or authorized representatives of Arcade. Their function was to maintain the machines, to repair them and to do the collections from the machines. They were independent contractors.

21. Neither Norma Reveles nor Troy Mitchell were managers of members of Arcade at any time.

22. Neither Norma Reeves not Troy Mitchell had any interest in the machines.

23. Arcade did not entrust Norma Reeves not Troy Mitchell with the machines for any purpose.

24. My statement has been taken twice by AGCS: First on November 5, 2013 when AGCS's investigator took a recorded statement and then again on October 23, 2014 when AGCS's counsel took my deposition.

25. Arcade considers AGCS's delays in investigations as a denial of the claim since AGCS has not paid on this legitimate claim.

26. AGCS currently owes Arcade $140,500.00 for 47 machines, plus interest, costs and attorney's fees.

I AFFIRM THAT THE ABOVE IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF, AND I DO SO UNDER THE PENALTY OF PERJURY.

January 2, 2015.

*Alex Callan*