Donald L. Myles, Jr., Bar #007464
Chelsey M. Golightly, Bar #028431
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012
Telephone: (602) 263-1743
Fax: (602) 200-7842
dmyles@jshfirm.com
cgolightly@jshfirm.com
minuteentries@jshfirm.com

Attorneys for Defendant AGCS Marine
Insurance Company

**UNITED STATES DISTRICT**

**COURT OF ARIZONA**

| | |
|---|---|
| Arcade Entertainment, LLC, | NO. 2:14-cv-01233-SRB |
| Plaintiff, | **DEFENDANT'S CONTROVERTING AND RESPONSE STATEMENT OF FACTS IN SUPPORT OF ITS RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| AGCS Marine Insurance Company, | |
| Defendant. | |
| | (Assigned to the Honorable Susan Bolton) |

Defendant AGCS Marine Insurance Company ("Defendant" or "AGCS") hereby submits its (1) Controverting Statement of Facts in Response to Plaintiff's Motion for Summary Judgment, and (2) its Response Statement of Facts as follows:

**DEFENDANT'S CONTROVERTING STATEMENT OF FACTS IN RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**Part I – Callan Declaration**

1. Defendant does not dispute this paragraph.
2. Defendant does not dispute this paragraph.
3. Defendant does not dispute this paragraph.
4. Defendant does not dispute this paragraph.

4091072.1

1          5.     Defendant dispute the allegations in paragraph 5 of PSOF because Plaintiff has offered no admissible evidence in the record that "Plaintiff hired independent contractors." Plaintiff's blanket assertion in his declaration lacks foundation. Additionally, assuming Plaintiff is referring to Norma Reveles and Troy Mitchell, Plaintiff has previously admitted that Norma was his employee. *See* Excerpt of Recorded Statement of Alex Callan at pgs. 39-41, attached as **Exhibit "1"** hereto. Notwithstanding, Defendant AGCS is not asserting that their unsupported designation as "independent contractors" creates a genuine issue of material fact. Regardless of Norma and Troy's classification as independent contractors, employees, managers, trustees, or authorized representatives, they were "entrusted" with the property for purposes of the policy and therefore are subject to the exclusion cited on page 2, lines 14-24 of Plaintiff's Motion.

        6.     Defendant does not dispute this paragraph.

        7.     Defendant does not dispute this paragraph.

        8.     Defendant does not dispute this paragraph.

        9.     Defendant objects to this allegation because it is a legal argument and not an allegation of fact. It also is not relevant and is not supportable by admissible evidence.

        10.     Defendant disputes this allegation. Whether or not Mr. Peters was an independent contractor is not supported by Plaintiff's citation to the record. Moreover, it is not relevant and lacks proper foundation. Although disputed, the information contained in paragraph 10 does not create a genuine issue of material fact.

        11.     Defendant does not object to the factual assertions contained in paragraph 11. Defendant does, however, assert that the term "Mr. Peters" in paragraph 11 is supposed to read "Ms. Reveles and Mr. Mitchell."

        12.     Defendant does not dispute this paragraph.

        13.     Defendant disputes that the storage unit visited was a U-Haul storage facility. Again, the information disputed does not create a genuine issue of material fact,

4091072.1     2

however, Plaintiff's citation to the record lacks foundation and is unsupported by any independent evidence. Defendant does not dispute the remaining facts therein.

14. Defendant does not dispute this paragraph.

15. Defendant objects to this allegation because it is inadmissible hearsay.

16. Defendant objects to this allegation because it is inadmissible hearsay.

17. Defendant disputes the factual assertions contained in this paragraph insofar as Alex Callan claims he did not suspect Norma and Troy of dishonest or criminal acts.

18. Defendant objects to the contents of paragraph 18 because it is legal conclusion and not an allegation of fact. It also lacks proper foundation.

19. Defendants objects to this allegation because it misstates facts in evidence and lacks proper foundation. Plaintiff admitted at his recorded statement that Norma was an employee. In addition, Defendant affirmatively asserts, that whether Norma and Troy were partners, employees, directors, trustees, or authorized representatives of Arcade is immaterial because they were entrusted with the property.

20. Defendant does not dispute this paragraph.

21. Defendant objects to this allegation because it is a legal argument and not an allegation of fact.

22. Defendant objects to this allegation because it misstates facts in evidence and mischaracterizes witness testimony. Specifically, Alex Callan as manager and representative of Arcade Entertainment, LLC for purposes of F.R.C.P. 30(b)(6), has stated on two separate occasions that he trusted Norma and Troy with the machines. Moreover, the term "entrust" is defined as "to give someone the responsibility of doing something or of caring for someone or something." *See* Merriam Webster Dictionary, 2015 Ed., available online at http://www.merriam-webster.com/dictionary/entrust. Based

1  on Plaintiff's own admissions and the information contained in PSOF ¶ 11, Plaintiff
2  cannot dispute that Norma and Troy were entrusted with the property.

3     23. Defendant does not dispute this allegation.

4     24. Defendant objects to this allegation because it lacks proper
5  foundation.  In addition, Defendant AGCS' position is that there is no coverage for
6  Plaintiff's loss pursuant to the applicable policy exclusions.

7     25. Defendant objects to this allegation because it is a legal conclusion
8  and not an allegation of fact.

9         **Part II – Callan Deposition**

10     26. Defendant does not dispute these allegations, however, Plaintiff's
11  insurance coverage under AGCS policy No. MXI-93037546 was subject to the policy
12  exclusions enumerated therein.

13     27. Defendant disputes this paragraph because the citation to the record
14  does not support the information contained therein.  Again, Defendant's dispute in this
15  instance is not regarding a material fact.

16     28. Defendant disputes this allegation only to the extent that it is unclear
17  from the available admissible evidence if the initial storage unit Plaintiff rented was the
18  same storage unit the machines were possibly stolen from.

19     29. Defendant disputes this allegation only to the extent that "SGCS"
20  should read "AGCS."

21     30. Defendant does not dispute this paragraph.
22     31. Defendant does not dispute this paragraph.
23     32. Defendant does not dispute this paragraph.
24     33. Defendant does not dispute this paragraph.
25     34. Defendant does not dispute this paragraph.
26     35. Defendant does not dispute this paragraph.
27     36. Defendant does not dispute this paragraph.
28     37. Defendant does not dispute this paragraph.

1   38.     Defendant does not dispute this paragraph.

2   39.     Defendant disputes this allegation.  There is no admissible evidence
3   in the record or otherwise to support Plaintiff's assertion that Alex Callan made a police
4   report with the Arlington Police Department.  The report is not attached as an exhibit to
5   Plaintiff's Motion and Plaintiff has no admissible evidence that it exists.

6   40.     Defendant does not dispute this allegation, however, it is ambiguous
7   as to time.  Defendant affirmatively states that Mr. Callan called the Fort Worth Police
8   Department on September 18, 2013.

9   41.     Defendant does not dispute this allegation.

10  **Part III – ACGS Rule 30(b)(6) Deposition**

11  42.     Defendant does not dispute these allegations.

12  43.     Defendant does not dispute this allegation.

13  44.     Defendant objects to the information contained in paragraph 44
14  because it mischaracterizes the testimony cited to in the record.  For clarification, the
15  insurer's concern regarding Norma and Troy was based on the claim information provided
16  by Alex Callan as the representative of the insured, AGCS.

17  45.     Defendant objects to the contents of paragraph 45 because it is
18  ambiguous as to "other facts," and is not supported by the testimony cited to in the record.

19  46.     Defendant objects to this paragraph because it is irrelevant and not
20  supported by admissible evidence.  Ms. Lupear was not offered under Rule 30(b)(6) to
21  testify as to coverage or policy interpretation issues.  She is a Special Investigations
22  Designee for AGCS.  Thus, Ms. Lupear lacks the proper foundation to testify as to
23  whether Plaintiff's claim was a "legitimate theft claim," under the applicable policy
24  provisions.

25  47.     Defendant objects to this paragraph because it is irrelevant and not
26  supported by admissible evidence.  Ms. Lupear was not offered under Rule 30(b)(6) to
27  testify as to coverage or policy interpretation issues.  She is a Special Investigations

28

1  Designee for AGCS. Thus, Ms. Lupear lacks the proper foundation to testify as to
2  whether Plaintiff's claim was a "theft," under the applicable policy provisions.

3        48.    Defendant does not object to this paragraph.

4        49.    Defendant objects to this paragraph because it mischaracterizes
5  witness testimony, is not supported by the citation to the record, lacks foundation and is
6  not relevant.

7        50.    Defendant objects to this paragraph based on relevance and lack of
8  foundation.

9        51.    Defendant objects to this allegation because it is not relevant, lacks
10  foundation, and mischaracterizes witness testimony.

11        52.    Defendant does not dispute this paragraph. Defendant further alleges
12  that as part of its investigation, Defendant sought interviews with Norma and Troy based
13  on the claim information provided to them by Alex Callan. *See* Exhibit 4 to DSOF. Mr.
14  Callan believed Norma and Troy were at least partially responsible for the disappearance
15  of the machines, and according to Callan's admissions, were the most knowledgeable
16  about the machines and the day-to-day operations of Arcade.

17        53.    Defendant does not dispute this paragraph. Defendant also directs
18  the court to Plaintiff's Exhibit 3 at 25:24-27:21 for completeness regarding Norma and
19  Troy's lack of cooperation with the investigation.

20        54.    *See* Response to paragraph 52 above.

21        55.    Defendant does not dispute this paragraph.

22        56.    Defendant objects to this paragraph because it is not supported by
23  admissible evidence. Ms. Lupear was not offered under Rule 30(b)(6) to testify as to
24  coverage or policy interpretation issues. She is a Special Investigations Designee for
25  AGCS. Thus, Ms. Lupear lacks the proper foundation to testify as to coverage and
26  applicable policy provisions/exclusions.

27        57.    Defendant objects to this paragraph because it mischaracterizes
28  witness testimony. Defendant further objects because Ms. Lupear was not offered under

1  Rule 30(b)(6) to testify as to coverage or policy interpretation issues.  She is a Special
2  Investigations Designee for AGCS.  Thus, Ms. Lupear lacks the proper foundation to
3  testify as to coverage and applicable policy provisions/exclusions.  Lastly, Ms. Lupear
4  testified that AGCS was unable to contact Mr. Callan after speaking with Troy Mitchell
5  because by that time, Mr. Callan was represented by counsel.  *See* Plaintiff's Exhibit 3 at
6  31: 7-9.

7        58.  Defendant does not dispute that it took Mr. Callan's deposition on
8  October 23, 2014.  Defendant further alleges that by way of its Motion for Summary
9  Judgment, it has made a coverage decision.

10        59.  Defendant objects to this allegation because it is irrelevant to this
11  matter and lacks proper foundation.

12        60.  Defendant objects to this paragraph because it lacks proper
13  foundation.  Ms. Lupear was not offered under Rule 30(b)(6) to testify as to coverage or
14  policy interpretation issues.  She is a Special Investigations Designee for AGCS.  Thus,
15  Ms. Lupear lacks the proper foundation to testify as to the definition of an employee under
16  the policy including the applicable policy provisions/exclusions.

17        61.  Defendant does not dispute that Norma and Troy were not partners in
18  Arcade.

19        62.  Defendant does not dispute that Norma and Troy were not trustees in
20  Arcade.

21        63.  Defendant objects to this paragraph because it is not relevant and
22  lacks proper foundation.  Ms. Lupear was not offered under Rule 30(b)(6) to testify as to
23  coverage or policy interpretation issues.  She is a Special Investigations Designee for
24  AGCS.  Thus, Ms. Lupear lacks the proper foundation to testify as to the definition of a
25  trustee under the policy including the applicable policy provisions/exclusions

26        64.  Defendant objects to this paragraph because it not relevant and lacks
27  foundation. Defendant's objection does not, however, create a material issue of fact
28

4091072.1                                      7

because whether Norma and Troy were employees under the policy is irrelevant to Defendant's coverage determination.

65. Defendant disputes this paragraph because it mischaracterizes witness testimony. Defendant does not dispute that it has been unable to secure witness statements from Norma and Troy due to their refusal to cooperate with Defendant's investigation. Plaintiff seeks to mischaracterize Defendant's deposition testimony.

66. *See* Response to PSOF ¶ 56 above.

67. Defendant objects to this paragraph because it is ambiguous, lacks foundation, and is irrelevant. Defendant also objects on the ground that it mischaracterizes witness testimony.

68. Defendant does not dispute this paragraph.

69. Defendant objects to this paragraph because it is a coverage issue and Ms. Lupear lacks foundation to testify to the definition of "authorized representative."

70. Defendant objects to this paragraph because it is inadmissible hearsay. Without waiving this objection, Defendant does not dispute that Norma's role included maintaining the machines, repairing the machines, and to perform collections.

71. Defendant does not dispute that Norma and Troy were not managers of arcade.

72. Defendant disputes this paragraph because in filing its Motion for Summary Judgment it has taken the position that Plaintiff's claim is not a covered loss under the policy.

73. Defendant objects to this paragraph because it is a legal conclusion. Defendant does not dispute that Norma and Troy were not managers of Arcade, therefore, the assertions in this paragraph are not relevant.

74. Defendant disputes this allegation because it lacks foundation and the citation to the record quotes counsel's testimony, not Ms. Lupear's.

75. Defendant objects to this paragraph because it is a legal conclusion. Further, Plaintiff's policy of insurance was subject to the terms, conditions, exclusions and limitations contained within such policy.

76. Defendant objects to this paragraph because it lacks foundation, is ambiguous, and contains facts not in evidence.

77. Defendant objects to this paragraph because it lacks foundation, is ambiguous, and in filing its Motion for Summary Judgment, Defendant has taken the position that Plaintiff's claim is not a covered loss under the policy.

**DEFENDANT'S RESPONSE STATEMENT OF FACTS**

1. Based on his own admissions, Alex Callan as the manager of Arcade Entertainment, LLC, believed Norma Reveles and Troy Mitchell were responsible and/or contributed to the theft of the subject property. During his recorded interview, the following exchange occurred:

> Interviewer: Well, I mean it would imagine that it would be certainly helpful for police. I mean did you want to prosecute Norma if she was the one who did all this?
>
> Callan: I wanted to have nothing to do with her again really. I mean I don't really know what prosecuting Norma is going to do for me or for her, but I think I already know what I know. The most benefit that I'm going to get is not doing business with her again. You know, whether she's in jail or just not my employee.
>
> Interviewer: Okay, so when you get to the storage unit, you say the lock was still there and locked?
>
> Callan: Um huh.
>
> Interviewer: And of course she had the key?
>
> Callan: Yeah.
>
> Interviewer: Did you report any of this to the police?
>
> Callan: Yes.

*See* Exhibit 1 at pgs. 31-34 and 39-42.

2. At his deposition Callan testified that he suspected Norma and Troy of (1) mishandling the machines, (2) that they knew where the machines were, they just

did not want to tell Callan, and (3) that they had something to do with the disappearance of the machines.   In short, Callan testified:

> Q.   At any point, did you suspect that they had something to do with the disappearance of the machines?
>
> A.   Obviously.  Of course, I would have that suspicion, you know, but, like I said, I suspected everything.  I mean, the machines were gone.

*See* Excerpts of Deposition of Alex Callan at Pg. 44:10-16, Pg. 45:5-47:2, attached as **Exhibit "2"** hereto.

DATED this 11th day of February, 2015.

JONES, SKELTON & HOCHULI, P.L.C.


By  /s/ Chelsey M. Golightly
    Donald L. Myles, Jr.
    Chelsey M. Golightly
    2901 North Central Avenue, Suite 800
    Phoenix, Arizona 85012
    Attorneys for Defendant AGCS Marine Ins.

**Certificate of Service**

I hereby certify that on February 11, 2015, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Peter Strojnik, Esq.
STROJNIK, P.C.
2415 East Camelback Road, Suite 700
Phoenix, Arizona 85016
Attorneys for Plaintiff

Courtesy copy sent on February 11, 2015 via U.S. Mail to:

Honorable Susan R. Bolton
United States District Court
Sandra Day O'Connor U.S. Courthouse, Suite 522
401 West Washington Street, SPC 50
Phoenix, AZ 85003-2153

                                                /s/ Roberta Bolm